# ALBERT J. BARNES, Plff.,

## *v.*

# LUCAS P. VALDIVIESO, Dft.

---

Ponce, No. 300.

MOTION FOR A NEW TRIAL.

New Trial—Special Term at Ponce.
 1. The Island of Porto Rico is one judicial district, and it is not divided into two divisions, and therefore after a trial of a case at a special term at Ponce a motion for a new trial will be entertained at San Juan.

New Trial—Special Issue—Damages.
 2. The question of damages having been determined once by a jury, the court will not grant a new trial for the purpose of having a new jury pass upon the single issue of the amount of damages.

New Trial—Questions of Fact—Jury.
 3. Questions of fact are for the jury to decide, and unless the jury disregards instructions of law, or there is something extraordinary in the handling of the facts by the jury, the court will not interfere.

Opinion filed March 28, 1917.

---

*Mr. Harry F. Besosa* for plaintiff.

Barnes v. Valdivieso.

*Mr. R. V. Perez Marchand* for defendant.

HAMILTON, Judge, delivered the following opinion:

There has been a great deal of pleading in the case and difficulty in getting both parties on the Island at the same time, and finally there was a trial about a month ago in Ponce, which took pretty nearly four days and four nights with the night sessions, and resulted in a verdict for the plaintiff of some $2,200. The claim was at least $13,000.

Now a motion is made for a new trial. It is expressed in two different ways: First, to be sent back to the jury on the amount only; second, if that is not permissible, for a new trial generally.

1. In the first place, this is based on the theory that there was a special term at Ponce, and that that special term was adjourned without any action on the part of the plaintiff, and therefore the plaintiff is cut off from making any motion for a new trial. I cannot accede to that. The whole subject of relation of Ponce to San Juan as to the Federal court perhaps needs some revision under the Act of March 2, 1917. At Ponce there was not strictly, I think, a term. At all events this is one district. It is not in two divisions. It is one district with two different places of holding trials, and unless the judge, after hearing a case at a special term, is going to stay in Ponce for five days, it would mean that the rule on the subject of new trials does not apply to Ponce at all, if the present contention is followed. There was special action in this case in regard to the defendant. He was allowed ten days to file a motion for a new trial. Nothing was said as to the plaintiff. I do not take

Barnes v. Valdivieso.

it that this cuts off the right of the plaintiff under the rule to apply for a new trial in five days. There is no reason why he should not come over here to San Juan. The judge lives here. That is the only difference. The rights of litigants in Ponce and in San Juan are the same; so I cannot entertain that view of the case. A special right was given the defendant under the order there made, but no right was taken away from the plaintiff under the general rule. The general rule allowed him five days. There was no judgment in the case. The case was certainly held open for ten days, and this motion was filed within that time. I think it was filed within the right time.

2. The second point is perhaps more troublesome, that is, as to the question of sending a case back for a trial on one of several issues. Cases have been cited. The one that is nearest to us is one decided in this court and upheld in the circuit court of appeals. That would control, I think, for our purposes at present, at all events. That was where there were two issues. One was a matter of good title, and the other was the amount of damages for breach of contract to supply a good title. They were entirely distinct, because the good title was a law point exclusively, and was held so to be by express action of the court. Now does this case come under that principle? I do not think so. Here is a case of a suit on an account stated. There is a defense of payment and that defense involved a great deal of testimony. The defense showed that they turned over a lot of accounts of one sort or other. On some of these accounts money was realized and on others apparently not, but on all of them it was open to the jury, and there was evidence on the subject, to determine whether the accounts were good or bad. The court expressly instructed the jury that they must determine

Barnes v. Valdivieso.

that. The Lascelles account, which was the largest, was for $16,000. It was settled by the plaintiff for $2,000. The reason given by the plaintiff himself for making that settlement was that the defendant was out of the country, in Spain, and did not help by his testimony. No reason was shown why the plaintiff could not have advanced the two or three hundred dollars that would have been necessary to secure the attendance of the defendant. Whether it was done at his will or not is not a question, but the plaintiff did not advance the money, although there was at least one letter rather indicating that the defendant was willing to come over. The impression of the court makes no difference, but the jury might very well have considered that if that item had been thoroughly threshed out with the presence of the defendant, which the plaintiff said was necessary, there would have been a different settlement. I am unable to say. It is not my province. But that might have made a very great difference in the result, and the court expressly left it to the jury to say whether the plaintiff exercised due care in collecting the different accounts, and that one in particular. I do not think, where it is a suit on an account stated and there is a defense of payment involving a lot of items, that I can say that what was settled by the jury was that the defendant owed a debt and that the amount of the debt could be considered as a separable controversy. The whole issue in the case was how much, if anything, the defendant owed. I do not think I can hold that the verdict of a jury is to be considered as a judgment by default, and that I can leave it to another jury to assess the damages. That would be a great departure from previous practice. The circuit court of appeals said that the Calaf Case, 152 C. C. A. 581, 239 Fed. 795, was

one sui generis, and it was in a good many features, but I do not think I could make it a precedent for going as far as asked for in this application; so I cannot send the case at bar back for a special new trial.

3. Now the question comes up as to whether it should be sent back at all; whether there should be a new trial at all. This court has repeatedly said—and it is, of course, good law—that the matter of fact in a case is for the jury and the matter of law for the court, and unless the jury disregards instructions of law or unless there is something extraordinary in the handling by the jury of the facts, which must be shown by affidavits, and not simply a belief of counsel, the court will not interfere. Now let us see about this case. Here is a suit for some $14,000. The defense was, as already stated, that there were a lot of accounts turned over in payment and a certain sum collected on those accounts or some of them. Now, how the jury got at the result I do not know. Counsel says it is impossible to figure out any basis. That perhaps happens right often with a jury. It is right hard for one man afterwards to tell how eleven or twelve men arrived at a particular amount, but where the court leaves it to the jury to say whether some accounts that are turned over are good or not and should have been collected, I hardly think I could come along afterwards and say that they should have deemed the accounts not collectable, and therefore interfere with their verdict. The face of the accounts turned over about equaled the claim. The amount realized was different. The jury might very well have thought that, if Valdivieso had been brought over to New York, a good deal more might have been collected. At all events, the whole matter was left to them, and I do not see that there is any question of law involved on which

Barnes v. Valdivieso.

I could interfere. I will say this, and there might be no harm in adding that, personally, if I had been finding the verdict I would have found a larger amount. That is the way it impressed me personally; but I am not the jury. I mention this so that it may be a precedent that the judge does not interfere with the verdict when it is simply a question of opinion on the facts. So, on the whole, I do not think I can grant the motion.

The motion is refused.